**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROBERT R. HILL,

Plaintiff,

v.

OCEAN COUNT JAIL COMPLEX,

Defendants.

Civil No. 05-6034 (GEB)

**OPINION**

RECEIVED
FEB 16 2006
AT 8:30
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

ROBERT R. HILL, #T0873, Plaintiff pro se
Ocean County Jail
120 Hooper Avenue
Toms River, New Jersey 08754

**BROWN, JR.,** Chief Judge

Plaintiff Robert R. Hill, confined at the Ocean County Jail, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account and to forward it to the Clerk; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915. Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. BACKGROUND

Plaintiff asserts violations of his constitutional rights against the Ocean County Jail Complex and the County of Ocean, New Jersey, arising from his incarceration at the jail, since July 2003. He states that, on August 17, 2005, the plumbing in his jail dormitory overflowed from the floor drain, spreading feces and garbage onto the floor. He asserts that officials placed the jail on lockdown status that day and the following day, while plumbers repaired the plumbing. Plaintiff states that some inmates refused to eat lunch, which upset the corrections officer. The officer allegedly removed all meal trays from the dormitory, without asking the inmates if they wanted to eat. Plaintiff asserts that because his tray was removed, he had no lunch that day. For violation of his constitutional rights, Plaintiff seeks damages.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Sorema, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## III. DISCUSSION

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42

U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.[1] See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, [a court] must first identify the exact contours of the underlying right said to have been violated in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (citation and internal quotation marks omitted). The Court liberally construes Plaintiff's allegations, see Haines v. Kerner, 404 U.S. 519, 520 (1972), as attempting to assert violation of his rights under the Eighth Amendment, applicable through the Fourteenth Amendment.[2]

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[2] Plaintiff does not specify if he is confined as a pretrial detainee or a convicted prisoner. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment that may not constitutionally be inflicted upon detainees. See Bell v. Wolfish, 441

(continued...)

A. Eighth Amendment

To state a conditions of confinement claim under the Eighth Amendment, an inmate must allege both an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). An inmate must show objectively that the alleged deprivations are sufficiently serious. Id. Conditions are sufficiently serious when they deny the inmate one identifiable basic human need or deprive him of the minimal civilized measure of life's necessities.[3] Wilson v. Seiter, 501 U.S. 294, 305 (1991). To establish the subjective component, a prisoner must show that the official acted or failed to act with deliberate indifference to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 305; Nami, 82 F.3d at 67. A prison official is deliberately indifferent when he or she "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

[2](...continued)
U.S. 520, 535 n.16, 538-39 (1979). The Eighth Amendment applies only after the state "has secured a formal adjudication of guilt" because prior to that time it has not acquired the "power to punish with which the Eighth Amendment is concerned." Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977). "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." ; Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005) (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)). Plaintiff's account statement shows that he has been confined at the jail since July 7, 2003. Given the duration of his confinement, the Court will presume that he is a convicted prisoner and not a pretrial detainee. See Hubbard, 399 F.3d at 156 n.9.

[3] Several deprivations in combination may satisfy the objective component "when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need, such as food, warmth, or exercise." Wilson 501 U.S. at 304; see also Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996); Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992).

Plaintiff asserts that waste water contaminated the dormitory for two days; he was locked down in his cell for two days while the plumbers worked; and he missed lunch one day. However, these conditions do not satisfy the objective component of the Eighth Amendment.[4] As the Supreme Court emphasized, "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978). Because the alleged conditions persisted for only two days, they were not sufficiently serious to inflict cruel and unusual punishment and the Court is constrained to dismiss the Complaint.[5]

## IV. CONCLUSION

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(b) and dismisses the Complaint.

GARRETT E. BROWN, JR.
Chief Judge

Dated: February 14, 2006

---

[4] If Plaintiff is incarcerated as a pretrial detainee, the Court holds that the conditions described by Plaintiff do not amount to punishment which may not constitutionally be inflicted upon detainees qua detainees. See Bell, 441 U.S. at 538-39; Hubbard, 399 F.3d at 159-66.

[5] Moreover, failure to maintain the plumbing is at worst negligence, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).